UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON R. BRANNIGAN,<br><br>           Plaintiff,<br><br>      v.<br><br>RHEA, *et al.*,<br><br>           Defendants. | Case No.  2:23-cv-00725-JDP (PC)<br><br>ORDER THAT THE CLERK OF COURT ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS THAT THE FIRST AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>ECF No. 13 |

Plaintiff brings this section 1983 case against defendant Rhea and two "Does" for deprivation of his personal property. ECF No. 13 at 3. The claim is, for the reasons stated below, not cognizable. Given that the deficiency in this complaint is identical to its predecessor, I find that further leave to amend is unwarranted and will recommend dismissal without leave to amend.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1

1  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
2  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
3  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
4        A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
7  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
8  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
9  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
10 identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
12 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13 n.2 (9th Cir. 2006) (en banc) (citations omitted).
14       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
15 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).
21     **II.**    **Analysis**
22       Plaintiff alleges that in June 2022, he was slated for a transfer to CSP-Sacramento.  ECF
23 No. 13 at 3.  After his personal property was inventoried, he witnessed defendant Rhea removing
24 some items.  *Id.*  Then, when he arrived at CSP-Sacramento, he discovered that over three
25 hundred dollars' worth of items had been removed.  *Id.*  Plaintiff alleges that among the lost
26 property were items with sentimental value.  *Id.*  As I explained in my previous screening order,
27 "an unauthorized intentional deprivation of property by a state employee does not constitute a
28 violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment

if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). And California provides such a remedy, *see Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994), that plaintiff does not allege he has availed himself of. Plaintiff does allege that he filed a prison grievance concerning his lost property, ECF No. 13 at 7, but this is not the same as utilizing the state's postdeprivation remedy provided in Cal. Gov't Code §§ 810-895. If plaintiff did, in fact, avail himself of this remedy, he may state as much in his objections to these recommendations. Otherwise, his claim for loss of personal property is foreclosed.

Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that the first amended complaint, ECF No. 13, be DISMISSED without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: \_\_\_\_November 29, 2023\_\_\_\_           _____
                                             JEREMY D. PETERSON
                                             UNITED STATES MAGISTRATE JUDGE

3