UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON R. BRANNIGAN,<br><br>    Plaintiff,<br><br>  v.<br><br>RHEA, *et al.*,<br><br>    Defendants. | Case No.  2:23-cv-00725-KJM-JDP (PC)<br><br><br>ORDER |

  Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On November 30, 2023, the magistrate judge filed findings and recommendations, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has not filed objections to the findings and recommendations but did file a second amended complaint without leave of court. ECF No. 17.  The court construes that filing as an implied request for leave to amend and proposed amendment.

  The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey,* 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law

by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . ."). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis, but the court declines to dismiss this action without leave to amend. The First Amended Complaint alleges an officer purposely disposed of plaintiff's personal property, including items of sentimental value, in retaliation for inmate grievances. *See* First Am. Compl. at 4, ECF No. 13. The court cannot exclude the possibility the complaint could be amended to assert a viable claim based on the First Amendment, among other claims. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation omitted)). Plaintiff's proposed second amended complaint could also potentially be construed as including a claim along these lines, in addition to others.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 30, 2023, are **adopted in part** as discussed above;

2. The first amended complaint, ECF No. 13, is **dismissed with leave to amend** for failure to state a claim; and

3. Any second amended complaint must be filed **within thirty days** of the day plaintiff receives a copy of this order.

DATED: April 29, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE