UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON R. BRANNIGAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RHEA,<br><br>　　　　Defendant. | Case No. 2:23-cv-0725-KJM-JDP (P)<br><br><br>ORDER |

  Plaintiff, a state prisoner, brought this action alleging that defendant Rhea and other unnamed officers deprived him of his personal property. I recommended that the action be dismissed, as plaintiff had failed to allege that he availed himself of the post deprivation remedy held out by California for such a loss. ECF No. 14. The district judge adopted in part, referring the matter back to me to consider whether an amended complaint might state a claim for retaliation. ECF No. 18. After moving to amend, ECF No. 20, plaintiff has filed a third amended complaint, ECF No. 21. The third amended complaint states a potentially cognizable First Amendment retaliation claim against defendant Rhea. It fails to state any other viable claim. Accordingly, plaintiff must decide whether to proceed only with this viable claim, or delay serving any defendant and file another amended complaint.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

As before, the majority of plaintiff's complaint is devoted to allegations that defendant Rhea and other, unnamed correctional officers wrongfully deprived him of his personal property. He still does not allege that he complied with California's available post-deprivation remedy for

the loss of his property.  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994).  Those claims remain nonviable.

Plaintiff does now allege that defendant Rhea's confiscation of his property was retaliation for his filing of grievances "against a number of staff."  ECF No. 21 at 11.  This allegation is sufficient to state a viable First Amendment retaliation claim against this defendant.

Plaintiff also alleges that an unnamed warden defendant instituted a policy of retaliating against inmates who petitioned the government for redress of grievances, ECF No. 21 at 11, but he offers no specifics connecting this purported policy with Rhea's misconduct.  If this claim is to proceed, plaintiff must elaborate on the specifics of this policy and explain how he knows that it motivated Rhea's actions.  Similarly, plaintiff's claim that another unnamed officer "participated in the retaliation" is not sufficient.  *Id.*  Plaintiff must describe the participation in specific terms.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must indicate his intent to proceed only with his First Amendment retaliation claim against defendant Rhea, or he must file another amended complaint.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's motion to amend, ECF No. 20, is GRANTED.

IT IS SO ORDERED.

Dated: November 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3