UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANNIGAN,

         Plaintiff,

  v.

RHEA,

         Defendant.

Case No. 2:23-cv-0725-JDP (P)

ORDER

Plaintiff has filed a motion to modify the discovery and scheduling order and for the appointment of counsel. ECF No. 45. Plaintiff seeks to extend deadlines by 120 days due to his ongoing medical treatment. *Id.* Defendant filed a statement of non-opposition to plaintiff's motion. ECF No. 46. Good cause appears, plaintiff's motion to modify the scheduling order is granted.

Plaintiff also requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his

claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under *Palmer*, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to modify the scheduling order and for the appointment of counsel, ECF No. 45, is GRANTED IN PART and DENIED IN PART.

2. The deadline for completion of all discovery, including filing all motions to compel, is April 13, 2026.

3. The deadline for filing dispositive motions is extended to July 6, 2026.

4. Plaintiff's motion for the appointment of counsel, ECF No. 45, is DENIED.

IT IS SO ORDERED.

Dated:    December 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE